**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LARRY YOUNG and SYLVIA YOUNG**                                          **PLAINTIFFS**

v                                    **4:07CV00668-WRW**

**BANK OF AMERICA, NA, et al.**                                            **DEFENDANTS**

## ORDER

Pending is Defendant Foremost Insurance Company's ("Foremost") Motion for Summary Judgment (Doc. No. 47). Plaintiffs have responded (Doc. No. 57).

**I.    BACKGROUND**[1]

On November 14, 2003, Plaintiffs acquired homeowner's insurance from Foremost to cover property located at 19 Sheraton Oaks Dr, Sherwood, Arkansas, 72120. Premium Payment Notices were mailed to Bank of America, and the insurance premiums were paid through an escrow account maintained by Bank of America. The policy automatically renewed each year, and Bank of America paid the policy premiums in 2003, 2004, and 2005.

On September 19, 2006, Foremost mailed a Premium Payment Notice to Bank of America for coverage from November 18, 2006, to November 18, 2007. After the notice was mailed, Plaintiffs increased their personal property coverage under the policy, and Foremost mailed a second Premium Payment Notice, which required payment by December 12, 2006. Neither Plaintiffs nor Bank of America paid the premium.

On February 3, 2007, a fire destroyed Plaintiff's home at 19 Sheraton Oaks Drive, Sherwood, Arkansas 72120. Foremost contends that Plaintiffs' homeowners insurance policy was not in effect at the time of the fire and has denied coverage.

---

[1] Unless otherwise noted, the background comes from the parties' Statements of Undisputed Facts (Doc. Nos. 49, 59).

**II.     SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[2] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[3]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[4] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[5] This court must view the facts in the light most favorable to the party opposing the motion.[6] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[7]

---

[2]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[4]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[5]*Id.* at 728.

[6]*Id.* at 727-28.

[7]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[8]

### III. DISCUSSION

On December 19, 2006, Foremost mailed a letter to Bank of America informing it that Plaintiffs' policy would be cancelled on January 3, 2007, because of nonpayment. Foremost asserts that it also sent a letter to Plaintiffs at 19 Sheraton Oaks Drive, and that it "paid an additional fee to the United States Postal Service" and that the Postal Service "issued an Affidavit of Mailing" regarding the Notice.[9] Foremost also contends that it mailed a "final account status" to Plaintiffs on January 16, 2007. However, Foremost provided no evidence to support its position that it sent notices to Plaintiffs via certified mail and that Plaintiffs received the notice -- no receipts of mailing are attached to Foremost's motion.

On the other hand, Plaintiffs contend, with supporting affidavits, that they never received any notices directly from Foremost regarding nonpayment or cancellation of the policy, nor were any notices forwarded by Bank of America.[10]

It appears to me that a material fact remains in dispute as to whether Plaintiffs ever received notice of the cancellation of the policy. Accordingly, summary judgment is inappropriate.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Foremost's Motion for Summary Judgment (Doc. No. 47) is DENIED.

IT IS SO ORDERED this 3rd day of March, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[8] *Anderson*, 477 U.S. at 248.

[9] Doc. No. 49.

[10] Doc. No. 57, Exs. A and B.